J. CHRISTOPHER JORGENSEN, ESQ.
STATE BAR NO. 5382
LEWIS AND ROCA LLP
3993 Howard Hughes Pkwy., Ste. 600
Las Vegas, NV 89169
(702) 385-3373
(702) 949-8398/fax

Attorneys for Defendant
Countrywide Home Loans, Inc.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SARKIS DEMIRCHYAN,<br><br>                              Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE HOME LOANS, INC., et al.,<br><br>                              Defendants. | Case:<br><br>**DEFENDANT'S PETITION FOR REMOVAL OF CIVIL ACTION** |

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:

The removing party, Countrywide Home Loans, Inc. ("CHL" or "Defendant"), respectfully shows:

1.      CHL is a Defendant in the above-entitled action.

2.      That the above-entitled action was commenced in the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark, and is now pending in that Court under the designated Case No. A-10-614897, Department XVI.

3.      Process was served on CHL on April 28, 2010.

4.      This case involves claims by Plaintiff that the Defendant improperly processed, serviced and transferred his home mortgage loan.

This case is one of many that have recently been filed across the country by homeowners seeking to simply stall or delay foreclosure proceedings after the plaintiffs have long stopped making the required mortgage payments.

5.     This Petition for Removal is timely and proper under 28 U.S.C. §1446(b) because it is being filed within thirty days after CHL was served with a copy of Plaintiff's state court Complaint and within one year from when Plaintiff commenced his state court action.

6.     Diversity jurisdiction under 28 U.S.C. §1332 exists because this action is between citizens of different states and/or countries and the amount in controversy exceeds $75,000.

7.     Plaintiff is a citizen of Nevada. Defendant is a New York corporation.

8.     The amount in controversy exceeds $75,000. Plaintiff is seeking to void the real estate contract he signed when he purchased his home. His Complaint is similar to many other complaints filed nationwide by homeowners facing foreclosure.

9.     The removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). If it is "'facially apparent' from the complaint that the plaintiff seeks damages sufficient to create federal jurisdiction, then the case should be remanded 'only if it appears to a legal certainty that the claim is actually for less than the jurisdictional minimum.'" *Davis v. Advanced Care Techs., Inc.*, 2007 U.S. Dist. LEXIS 32348 at *3 (E.D. Cal. 2007) (quoting *Singer*, 116 F.3d at 376); *see also Campbell v. Bridgestone/Firestone, Inc.*, 2006 U.S. Dist. LEXIS 16113 at *7 (E.D. Cal. 2006) (in products liability suit, amount-in-controversy requirement was satisfied where plaintiff sought unspecified amount of compensatory damages for wage loss, hospital and medical expenses, general damages, and loss of earning capacity); *Yong v.*

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

537544.1

*Hyatt Regency Sacramento*, 2007 U.S. Dist. LEXIS 9492 at *3-4 (E.D. Cal. 2007) (where plaintiff asserted a discrimination claim seeking "compensatory damages, emotional distress damages, punitive damages, and attorneys fees," the amount in controversy was well above the jurisdictional requirement solely "by nature of [the plaintiff's] claims"). Here, given the damages sought by Plaintiff where Plaintiff is seeking to void a real estate contract, it is facially apparent from his Complaint that the amount in controversy exceeds $75,000.

10.    This action may be properly removed to this Court under 28 U.S.C. §1441(a) because this Court has original jurisdiction over this action under 28 U.S.C. §§1332 and 1367, and because this action was commenced within the judicial district of the United States District Court for the District of Nevada.

11.    Copies of all process, pleadings and other orders served upon CHL are attached hereto.

12.    A true and correct copy of this Petition for Removal will be provided to Plaintiff and filed with the Clerk of the Eighth Judicial District Court of the State of Nevada, Department XVI.

WHEREFORE, Defendant prays that this action be removed.

DATED this *18* day of May, 2010.

LEWIS AND ROCA LLP

By _____
J. CHRISTOPHER JORGENSEN, ESQ.
3993 Howard Hughes Pkwy., Ste. 600
Las Vegas, NV  89169
Attorneys for Defendant Countrywide Home
Loans, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing document was made on the 18 day of May, 2010 by depositing a copy for mailing, first class mail, postage prepaid, at Las Vegas, Nevada, to the following:

Sarkis Demirchyan
984 Perfect Berm Lane
Henderson, NV  89015
Pro Se Plaintiff

_____
an employee of Lewis and Roca LLP

1  SARKIS DEMIRCHYAN
   984 Perfect Berm Lane
2  Henderson, Nevada 89015

3  Plaintiff In Pro Per

4  Telephone: 818-214-9882

5

6                          **DISTRICT COURT**

7                      **CLARK COUNTY, NEVADA**

8
   SARKIS DEMIRCHYAN .                    )
9                                         )
   IN PRO PER                             )
10                                        )      CASE NO. *A-10-614887-C*
                                          )
11                                        )      DEPT. NO. *XVI*
         Plaintiffs,                      )
12                                        )
                                          )
13       vs.                              )
                                          )
14  COUNTRYWIDE HOME LOANS, INC           )
                                          )
15  and DOES 1-20                         )
                  Defendants.             )
16                                        )
                                          )
17                                        )
                                          )
18                                        )

19

20                      **SUMMONS – CIVIL**

21  **NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEIING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

22  **TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff against you for the

23  relief set forth in the Complaint.

24       1.   If you intend to defend this lawsuit, within 20 days after this Summons is served

25            on you, exclusive of the day of service, you must do the following:

Electronically Filed
04/22/2010 12:40:11 PM

CLERK OF THE COURT

1   SARKIS DEMIRCHYAN
    984 Perfect Berm Ln
2   Henderson, NV 89015

3   Telephone: 818-314-9882

4
    Plaintiff In Pro Per
5

6

7

8                           DISTRICT COURT

9                       CLARK COUNTY, NEVADA

10

11

12   SARKIS DEMIRCHYAN, IN PRO PER,        )   CASE NO. A-10-614897-C
                                           )
13                                         )   DEPT: XVI
                Plaintiff,                 )
14                                         )   VERIFIED COMPLAINT:
          vs.                              )
15                                         )
     COUNTRYWIDE HOME LOANS, INC ; and     )   1)  Wrongful Foreclosure;
16   DOES 1-20                             )
                                           )   2)  Reversal & Cancellation Of Illegal
17              Defendants.                )       Foreclosure Rendered Void By
                                           )       Operation Of State and Federal Law
18                                         )
                                           )   3)  Cancellation Of Recorded Notice of
19                                         )       Default Previously Rendered Void By
                                           )       Operation Of State and Federal Law;
20                                         )
                                           )   4)  Temporary Restraining Order, Preliminary &
21                                         )       Permanent Injunction.
                                           )
22                                         )
                                           )
23                                         )

24

25

26

27

28

**PLAINTIFF ALLEGES AS FOLLOWS:**

I.

**CASE OVERVIEW**

This case involves:

The wrongful foreclosure of Plaintiff's Property by Defendants, in violation of:

    1.  The State Nonjudicial Foreclosure Statutes;

    2.  NRS sec 598D 100 et seq; (Unfair and Deceptive Trade Practices)

    3.  The Federal Truth In Lending Act ("TILA"); the Federal Home Owners Equity Protection Act ("HOEPA"); and U.S. Treasury Regulation Z which enforces TILA and HOEPA ("Reg Z");after Plaintiff had timely served a TILA Rescission Notice on Defendant , rescinding and canceling the trust deed secured loan of record against Plaintiff's home, which TILA Rescission Notice AUTOMATICALLY RENDERED THE TRUST DEED VOID BY OPERATION OF FEDERAL LAW, pursuant to the specific and  mandatory provisions of TILA, HOEPA and Reg Z, and violations of Nevada Law.

**DEFINITIONS**

    1)   . As used in this Complaint, the following definitions shall apply (the "Definitions"):

    A)    The term **"Nonjudicial Foreclosure Statutes"** means the statutes of the State of Nevada governing nonjudicial foreclosures of real property secured loans.

    B)    The term **"TILA"** means the Truth in Lending Act, 15 U.S.C. §§ 1601-1666j, as amended. TILA, which took effect on July 1, 1969, is intended to promote the informed use of consumer credit by requiring creditors to disclose credit terms and costs, requiring additional disclosures for loans secured by consumers' homes, and permitting consumers to rescind certain transactions that involve their principal dwellings.

C)     The term **"HOEPA"** means the Home Ownership and Equity Protection Act of 1994 which, inter alia, amended TILA by adding Section 129 of TILA, 15 U.S.C. § 1639, and is implemented by, inter alia, Sections 226.31 and 226.32 of Regulation Z, 12 C.F.R. §§ 226.31 and 226.32. HOEPA, which took effect on October 1, 1995, provides special protections for consumers who obtain high-rate or high-fee loans secured by their principal dwellings by requiring creditors to provide certain material information at least three days before the loan is consummated, prohibiting the use of certain loan terms, and barring specified practices.

D)     The term **"HOEPA mortgage loan"** means a consumer credit transaction consummated on or after October 1, 1995, that is secured by the consumer's principal dwelling, in which: (1) the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities having comparable periods of maturity to the loan maturity as of the 15th day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor; or (2) the total points and fees payable by the consumer at or before loan closing will exceed the greater of 8% of the total loan amount or $400 (adjusted annually by the Board of Governors of the Federal Reserve System ("FRB") on January 1 by the annual percentage change in the Consumer Price Index that was reported on June 1 of the preceding year), which is covered by HOEPA, pursuant to Section 129 of TILA, 15 U.S.C. § 1639, and Section 226.32 of Regulation Z, 12 C.F.R. § 226.32. As used herein, the "total loan amount" is calculated as described in Section 226.32(a)(1)(ii)-1 of the FRB Official Staff Commentary on Regulation Z, 12 C.F.R. § 226.32 (a)(1)(ii)-1, Supp. 1.

E)     The term **"Regulation Z"** means the regulation the FRB promulgated to implement TILA and HOEPA, 12 C.F.R. 226, as amended. The term also includes the FRB Official Staff Commentary on Regulation Z, 12 C.F.R. 226, Supp. 1, as amended.

F)     The term **"Home"** means Plaintiff's property located at 984 Perfect Berm Ln. Hendersen, NV 89015.

G)     The term **"TILA Rescission Notice"** means Plaintiff's written notice of rescission of the Loan, Note & Trust Deed as a consumer loan against Plaintiff's property made pursuant to and in compliance with the mandatory provisions of TILA, HOEPA and Reg Z.

1    H)    The terms **"Loan"**, **"Note"** & **"Trust Deed"** means that certain refinance consumer

2    loan originated between Countrywide Home Loans (**"Lender"** or **"Countrywide"**) and Plaintiff in

3    connection with Plaintiff's Home, and which Trust Deed securing said Loan and Note.

4    I)    The term **"NOD"** means the Notice of Default caused to be recorded against

5    Plaintiff's Home by Lender with the County Recorder's Office.

6    J)    The term **"NOS"** means the Notice of Trustee's Sale caused to be recorded against

7    Plaintiff's Home with the County Recorder's Office.

8    K)    The term **"Trustee's Deed"** means the Trustee's Deed issued to Lender at the

9    Trustee's Foreclosure Sale held at the conclusion of the foreclosure process.

10                                        IV.

11                          **PARTIES & JURISDICTION**

12

13    2)    Plaintiff Sarkis Demirchyan ("Demirchyan" or "Plaintiff") is now, and at all relevant

14    times mentioned herein, was and remains the lawful owner of the Property, which is located within

15    the jurisdiction of this Court.

16    3)    Lender is now, and at all relevant times mentioned herein has been, a corporation

17    with a place of business in Clark County, NV.

18    4)    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as

19    DOES 1-20, inclusive, and is informed and believes, and thereupon alleges that, the Doe

20    Defendants were participants in the actions and conduct set forth hereinbelow and were

21    responsible for the injuries and damages to Plaintiff set forth herein, and therefore sues these

22    Defendants by such fictitious names..Plaintiff will seek leave of the Court to amend this complaint to

23    allege their true names and capacities when ascertained.

24    5)    Plaintiff is informed and believes, and thereupon alleges that:

25    A)    Each of the Defendants named in this complaint was an agent, employee, co-

26    venturer, partner, and/or officer of every other named Defendant, and was acting within the course

27    and scope of such agency and/or employment in taking the actions as hereinafter alleged, with the

28

1  knowledge and consent of their principal(s) and/or employer(s).

2        B)      Each of the Defendants named in this complaint aided and abetted one or more,

3  and/or each of the other Defendants in undertaking the actions and conduct set forth hereinbelow,

4  and that such aiding and abetting was responsible for the injuries and damages suffered by Plaintiff

5  as set forth hereinbelow.

6

7                                                    V.

8                           THE WRONGFUL FORECLOSURE

9              CONDUCTED IN VIOLATION OF TILA, HOEPA, REG Z

10                                                AND

11             THE STATE NONJUDICIAL FORECLOSURE STATUTES

12        6)      At all times mentioned herein, Plaintiff was the owner of the Home and financed the

13  Home pursuant to a refinance consumer loan evidenced by the Loan, Note & Trust Deed originated

14  by the Lender.

15        7)      The Loan, Note & Trust Deed were at all times subject to the provisions of TILA,

16  HOEPA and Reg Z.

17        8)      Section 1635 of TILA (15 U.S.C. § 1635), otherwise known as Title 15 of the United

18  States Code, Commerce And Trade, Chapter 41, Consumer Credit Protection, Subchapter 1,

19  Consumer Credit Cost Disclosure, Part B, Credit Transactions, states in pertinent part:

20        "Sec. 1635. Right of rescission as to certain transactions

21

22        (a) Disclosure of obligor's right to rescind
       Except as otherwise provided in this section, in the case of any consumer credit
23        transaction (including opening or increasing the credit limit for an open end credit
       plan) in which a security interest, including any such interest arising by operation of
24        law, is or will be retained or acquired in any property which is used as the principal
       dwelling of the person to whom credit is extended, the obligor shall have the right to
25        rescind the transaction until midnight of the third business day following the
       consummation of the transaction or the delivery of the information and rescission
26        forms required under this section together with a statement containing the material
       disclosures required under this subchapter, whichever is later, by notifying the
27        creditor, in accordance with regulations of the Board, of his intention to do so. The
       creditor shall clearly and conspicuously disclose, in accordance with regulations of
28        the Board, to any obligor in a transaction subject to this section the rights of the

                                                   7

obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

**(b) Return of money or property following rescission**

When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it.

*******************************************************************************

**(f) Time limit for exercise of right**

An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor, except that if (1) any agency empowered to enforce the provisions of this subchapter institutes a proceeding to enforce the provisions of this section within three years after the date of consummation of the transaction, (2) such agency finds a violation of this section, and (3) the obligor's right to rescind is based in whole or in part on any matter involved in such proceeding, then the obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the earlier sale of the property, or upon the expiration of one year following the conclusion of the proceeding, or any judicial review or period for judicial review thereof, whichever is later.

*******************************************************************************

**(i) Rescission rights in Foreclosure**

**(1) In general**

Notwithstanding section 1649 of this title, and subject to the time period provided in subsection (f) of this section, in addition to any other right of rescission available under this section for a transaction, after the initiation of any judicial or nonjudicial Foreclosure process on the primary dwelling of an obligor securing an extension of credit, the obligor shall have a right to rescind the transaction equivalent to other rescission rights provided by this section, if—

(A) a mortgage broker fee is not included in the finance charge in accordance with the laws and regulations in effect at the time the consumer credit transaction was consummated; or

(B) the form of notice of rescission for the transaction is not the appropriate form of written notice published and adopted by the Board or a comparable written notice, and otherwise complied with all the requirements of this section regarding notice.

(2) Tolerance for disclosures

Notwithstanding section 1605(f) of this title, and subject to the time period provided in subsection (f) of this section, for the purposes of exercising any rescission rights after the initiation of any judicial or nonjudicial Foreclosure process on the principal dwelling of the obligor securing an extension of credit, the disclosure of the finance charge and other disclosures affected by any finance charge shall be treated as being accurate for purposes of this section if the amount disclosed as the finance charge does not vary from the actual finance charge by more than $35 or is greater than the amount required to be disclosed under this subchapter.

(3) Right of recoupment under State law

Nothing in this subsection affects a consumer's right of rescission in recoupment under State law.

(4) Applicability

This subsection shall apply to all consumer credit transactions in existence or consummated on or after September 30, 1995.

9)     Rescission of the under TILA and Reg Z is governed by Section 226.15 of TILA (Reg Z) which states in pertinent part:

"§ 226.15  Right of rescission.

(a)  *Consumer's Right To Rescind.*

(1)(i) Except as provided in paragraph (a)(1)(ii) of this section, in a credit plan in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest <u>shall have the right to rescind: each credit extension made under the plan; the plan when the plan is opened; a security interest when added or increased to secure an existing plan; and the increase when a credit limit on the plan is increased.</u>

(ii) As provided in § 125(e) of the act, the consumer does not have the right to rescind each credit extension made under the plan if such extension is made in accordance with a previously established credit limit for the plan.

(2) <u>To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail</u>, telegram, or other means of written communication. <u>Notice is considered given when mailed</u>, or when filed for telegraphic transmission, or, if

sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following the occurrence described in paragraph (a)(1) of this section that gave rise to the right of rescission, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last. If the required notice and material disclosures are not delivered, the right to rescind shall expire three years after the occurrence giving rise to the right of rescission, or upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with § 125(f) of the act.

(4) When more than one consumer has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

*****************************************************************************************

(d) *Effects Of Rescission.*

(1) When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void, and the consumer shall not be liable for any amount, including any finance charge.

(2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

(3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value. At the consumer's option, tender of property may be made at the location of the property or at the consumer's residence. If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep          it          without          further          obligation."

[ Underline Added For Emphasis]

10)     In full compliance with the requirements for Rescission under TILA and Reg Z, and within the three year period following the date of the Loan as required by TILA and Reg Z, Plaintiff delivered a Notice of Rescission to Lender which stated in pertinent part:

"This letter is to notify you that I hereby rescind and cancel the above specified Loan, Note & Trust Deed undertaken in connection with my home set forth above.

This notice of rescission (the "TILA Rescission Notice") is given for violations of and non-compliance with the provisions of:

A)  The Truth in Lending Act, 15 U.S.C. §§ 1601-1666j ("TILA"), and

B)  The Home Ownership and Equity Protection Act of 1994 ("HOEPA") which, inter alia, amended TILA by adding Section 129 of TILA, 15 U.S.C. § 1639, and

C)  U. S. Treasury Regulation Z, 12 C.F.R. §§ 226.31 of HOEPA, and Treasury Regulation Z which implements and enforces the above laws.
    The violations of the above laws include but are not limited to:

1)   **HOEPA DISCLOSURE VIOLATIONS**.

In the course and conduct of offering, making, acquiring, maintaining and continuing a HOEPA mortgage loan to me, the requirements of HOEPA, TILA and Regulation Z were violated and continue to be violated, including but not limited to:

A)   Failing to disclose in writing the following required notice:

"You are not required to complete this agreement merely because you have received these disclosures or have signed a loan application. If you obtain this loan, the lender will have a mortgage on your home. You could lose your home, and any money you have put into it, if you do not meet your obligations under the loan, in violation of Section 129(a)(1) of TILA, 15 U.S.C. § 1639(a)(1), and Section 226.32(c)(1) of Regulation Z, 12 C.F.R. § 226.32(c)(1);

B)   Failing to disclose, or accurately disclose:

1.  The annual percentage rate, in violation of Section 129(a)(2) of TILA, 15 U.S.C. § 1639(a)(2), and Section 226.32(c)(2) of Regulation Z, 12 C.F.R. § 226.32(c)(2);

2.  The regular payment amount, in violation of Section 129(a)(2) of TILA, 15 U.S.C. § 1639(a)(2), and Section 226.32(c)(3) of Regulation Z, 12 C.F.R. § 226.32(c)(3); and

3.  Specified variable rate information, in violation of Section 129(a)(2) of TILA, 15 U.S.C. § 1639(a)(2), and Section 226.32(c)(4) of Regulation Z, 12 C.F.R. § 226.32(c)(4); and

C)   Failing to furnish the disclosures described above clearly and conspicuously in writing at least three business days prior to consummation of a HOEPA mortgage loan transaction, in violation of Section 129(b)(1) of TILA, 15 U.S.C. § 1639(b)(1), and Section 226.31(b) and (c)(1) of Regulation Z, 12 C.F.R. § 226.31(b) and (c)(1).

2)   **PROHIBITED LOAN TERMS**

In the course and conduct of offering, making, acquiring, maintaining and continuing a HOEPA mortgage loan to me, the requirements of HOEPA, TILA, and Regulation Z, including but not limited to, including a prohibited "prepayment penalty" provision, in violation of Section 129(c) of TILA, 15 U.S.C. § 1639(c), and Section 226.32(d)(6) of Regulation Z, 12 C.F.R. § 226.32(d)(6) were violated and continue to be violated.

**3)   PROHIBITED ASSET BASED LENDING**

In the course and conduct of offering, making, acquiring, maintaining and continuing a HOEPA mortgage loan to me, the requirements of HOEPA, TILA and Regulation Z, including but not limited to, extending such credit to me as a consumer based on the consumer's collateral rather than considering the consumer's current and expected income, current obligations, and employment status to determine whether the consumer will be able to make the scheduled payments to repay the obligation, in violation of Section 129(h) of TILA, 15 U.S.C. § 1639(h), and Section 226.32(e)(1) of Regulation Z, 12 C.F.R. § 226.32(e)(1), were violated and continue to be violated.

**4)   TILA DISCLOSURE VIOLATIONS**

In the course and conduct of offering, making, acquiring, maintaining and continuing a HOEPA mortgage loan to me, the requirements of HOEPA, TILA and Regulation Z, including but not limited to, the following were violated and continue to be violated:

A)   Failing to make required TILA disclosures in writing before consummation of a consumer credit transaction, in violation of Sections 121(a) and 128(b)(1) of TILA, 15 U.S.C. §§ 1631(a) and 1638(b)(1), and Sections 226.17(a) and (b) and 226.18 of Regulation Z, 12 C.F.R. §§ 226.17(a) and (b) and 226.18;

B)   Failing to disclose, or accurately disclose, the following information:

1.   The identity of the creditor making the disclosures, in violation of Section 128(a)(1) of TILA, 15 U.S.C. § 1638(a)(1), and Section 226.18(a) of Regulation Z, 12 C.F.R. § 226.18(a);

2.   The amount financed, in violation of Section 128(a)(2) of TILA, 15 U.S.C. § 1638(a)(2), and Section 226.18(b) of Regulation Z, 12 C.F.R. § 226.18(b);

3.   The finance charge, in violation of Sections 106 and 128(a)(3) of TILA, 15 U.S.C. §§ 1605 and 1638(a)(3), and Sections 226.4 and 226.18(d) of Regulation Z, 12 C.F.R. §§ 226.4 and 226.18(d);

4.   The annual percentage rate, in violation of Sections 107 and 128(a)(4) of TILA, 15 U.S.C. §§ 1606 and 1638(a)(4), and Sections 226.18(e) and 226.22 of Regulation Z, 12 C.F.R. §§ 226.18(e) and 226.22;

5.   The payment schedule, in violation of Section 128(a)(6) of TILA, 15 U.S.C. § 1638(a)(6), and Section 226.18(g) of Regulation Z, 12 C.F.R. § 226.18(g);

6.   The total of payments, in violation of Section 128(a)(5) of TILA, 15 U.S.C. § 1638(a)(5), and Section 226.18(h) of Regulation Z, 12 C.F.R. § 226.18(h);

7. ___ Whether or not a penalty may be imposed if the obligation is prepaid in full, in violation of Section 128(a)(11) of TILA, 15 U.S.C. § 1638(a)(11), and Section 226.18(k)(1) of Regulation Z, 12 C.F.R. § 226.18(k)(1);

8. Any dollar or percentage charge that may be imposed before maturity due to a late payment, other than a deferral or extension charge, in violation of Section 128(a)(10) of TILA, 15 U.S.C. § 1638(a)(10), and Section 226.18(l) of Regulation Z, 12 C.F.R. § 226.18(l); and

9. The fact that the creditor has or will acquire a security interest in the consumer's principal dwelling, in violation of Section 128(a)(9) of TILA, 15 U.S.C. § 1638(a)(9), and Section 226.18(m) of Regulation Z, 12 C.F.R. § 226.18(m).

As you are aware, pursuant to the provisions of TILA, HOEPA and REG Z, this TILA Rescission Notice automatically renders the Loan, Note & Trust Deed void by operation of Federal law, for any and all purposes, and you are required under such Federal law, to deliver to me within 20 days of this Notice, a reconveyance of the Trust Deed for recordation with the County Recorder (the "Trust Deed Reconveyance"), together with repayment of all expenses and costs of the Loan, including but not limited to, all interest paid under the Loan to date, closing costs, escrow costs and fees, title fees, etc. (collectively, the "Monetary Payment").

In accordance with the provisions of the above laws, demand is hereby made that within twenty days, you perform all of your required obligations as required and mandated under the above cited laws, including delivering to me, the Trust Deed Reconveyance and the Monetary Payment."

all of the preceding being referred to as the **"TILA Rescission Notice".**)


11)     Under the mandatory requirements of TILA, HOEPA and Reg Z, Lender was

required by law to deliver to Plaintiff, <u>within twenty days of the date of the TILA Rescission Notice</u>:

A)     A monetary payment equal to the sum of all charges, costs and interest paid by or

charged to Plaintiff in connection with the Loan, Note & Trust Deed (the **"Monetary Payment"**);

and

B)     A reconveyance of the Trust Deed (the **"Trust Deed Reconveyance"**).

all of the preceding being collectively referred to herein as **"Mortgage Holder's TILA, HOEPA &**

**Reg Z Obligations".**

12)     At the same time as the TILA Rescission Notice, Plaintiff caused to be tendered to

Lender, a tender of the full original principal amount of the Loan or the Home (the "Tender") for

1  payment in full of the original loan principal amount.

2      13)   The twenty day statutory period for Lender to fulfill the TILA, HOEPA and Reg Z

3  Obligations, but Lender failed to do so and continues to fail to do so.

4      14)   In accordance with the mandatory provisions of TILA and Reg Z:

5  "When an obligor exercises his right to rescind under subsection (a) of this section,
   he is not liable for any finance or other charge, and any security interest given by the
6  obligor, including any such interest arising by operation of law, becomes void upon
   such a rescission. Within 20 days after receipt of a notice of rescission, the creditor
7  shall return to the obligor any money or property given as earnest money,
   downpayment, or otherwise, and shall take any action necessary or appropriate to
8  reflect the termination of any security interest created under the transaction. If the
   creditor has delivered any property to the obligor, the obligor may retain possession
9  of it. Upon the performance of the creditor's obligations under this section, the obligor
   shall tender the property to the creditor, except that if return of the property in kind
10 would be impracticable or inequitable, the obligor shall tender its reasonable value.
   Tender shall be made at the location of the property or at the residence of the obligor,
11 at the option of the obligor. If the creditor does not take possession of the property
   within 20 days after tender by the obligor, ownership of the property vests in the
12 obligor without obligation on his part to pay for it." [Section 1635 of TILA (15 U.S.C. §
   1635)]
13
   [Bold & Underline Added For Emphasis]
14

15     15)   Plaintiff fully complied with all of the provisions of TILA, HOEPA and Reg Z for

16 Rescission under TILA, HOEPA and Reg Z.

17     16)   Lender failed to comply with and continues to fail to comply with its mandatory and

18 non-negotiable obligations under TILA, HOEPA and Reg Z pursuant to such TILA Rescission (the

19 "Countrywide TILA Rescission Failures"):

20     A)   Lender did not deliver to Plaintiff within twenty days after the TILA Rescission Notice,

21 the Monetary Payment; and

22     B)   Lender did not, within twenty days after the TILA Rescission Notice, "take any action

23 necessary to reflect the termination of the security interest" (i.e. Defendant did not deliver to

24 Plaintiff, a notarized Trust Deed Reconveyance).

25     17)   Under TILA, HOEPA and Reg Z, the Trust Deed was automatically rendered void by

26 operation of law upon issuance of the TILA Rescission Notice and Plaintiff was at all times entitled

27 to:

28

1    A)    The Monetary Payment; and

2         B)    Termination of the security interest in the Home by cancellation of the Trust Deeds

3    providing any such security interest through the Trust Deed Reconveyance; and

4         18)    Rather than complying with Defendant's mandatory obligations under TILA, HOEPA

5    and Reg Z for the TILA Rescission, instead, Lender, in violation of TILA, HOEPA and Reg Z,

6    commenced a Foreclosure of the Loan, Note & Trust Deed on the Home (the "Foreclosure") by

7    causing the issuance of the Notice of Default or NOD, purporting to have the right to cause the

8    Home to be sold at a Foreclosure Sale (the "Foreclosure Sale")

9         19)    The purported Foreclosure and Notice of Default were all null and void by operation

10   of law, in that pursuant to the mandatory provisions of TILA, HOEPA and Reg Z, and Necada Law,

11   ANY AND ALL INTEREST OF LENDER IN AND TO THE HOME AND TRUST DEED HAD BEEN

12   AUTOMATICALLY RENDERED VOID BY OPERATION OF LAW UNDER TILA, HOEPA AND REG

13   Z BY THE TILA RESCISSION NOTICE AND STATE LAW.

14

15        "(b) Return of money or property following rescission

16        When an obligor exercises his right to rescind under subsection (a) of this section, he

17        is not liable for any finance or other charge, and any security interest given by the

18        obligor, including any such interest arising by operation of law, becomes void upon

19        such a rescission." Section 1635 of TILA (15 U.S.C. § 1635)

20        [ Underline Added For Emphasis]

21

22   and Lender had no legal standing or right to commence, maintain and/or complete a nonjudicial

23   Foreclosure under the Nonjudicial Foreclosure Statutes.

24        20)    As a result, any such purported NOD was illegal and prohibited by the mandatory

25   provisions of TILA, HOEPA and Reg Z, and State Law ,and were null and void as a matter of law,

26   ab initio.

27

28

21)     The purported Foreclosure and NOD was not given in compliance with, and violated the provisions of, the Nonjudicial Foreclosure Statutes, as follows (the **"Nonjudicial Foreclosure Statute Violations"**):

22)     Plaintiff is informed and believes, and thereupon alleges that Lender added false, fraudulent and previously undisclosed fees, charges and costs totaling in excess of $10,000 to the amount alleged to be due at the Foreclosure Sale, and that the total amount stated to be due in the NOS was willfully, intentionally and knowingly overstated by in excess of $10,000, all of the preceding collectively referred to herein as the **"Undisclosed & Fraudulent Charges"**.

23)     The full extent of the Undisclosed & Fraudulent Charges were never disclosed to Plaintiff in any of the Loan, Note & Trust Deed documents as a further violation of TILA, HOEPA and Reg Z.

## VI.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## WRONGFUL FORECLOSURE

### Against All Defendants

24)     Plaintiff incorporates paragraphs 1 through 23 as if fully set forth herein.

25)     Lender knew or should have known that pursuant to the mandatory provisions of TILA, HOEPA and Reg Z, the Trust Deed was rendered null and void for all purposes, by operation of Federal law pursuant to the TILA Rescission Notice, and that there was no Trust Deed legally in existence upon which to foreclose, and that Lender was therefore legally barred and prohibited from conducting a nonjudicial Foreclosure of the Loan, Note & Trust Deed.

26)     Lender nonetheless commenced and has   maintained the Foreclosure and committed the Nonjudicial Foreclosure Statutes Violations and refused to comply with the mandatory requirements of TILA, HOEPA and Reg Z as set forth herein, including but not limited to, delivering the Monetary Payment and the Trust Deed Reconveyance to Plaintiff.

1      27)  As a result, the preceding, the purported Foreclosure and NOD were at all times null

2  and void ab initio and of no legal effect whatsoever, and Lender wrongfully foreclosed on the Home.

3      28)  As a direct and proximate result of the above-described actions and conduct

4  constituting WRONGFUL FORECLOSURE, Plaintiff is entitled to judgment against Lender for

5  Wrongful Foreclosure, and for judgment canceling, setting aside and vacating the Foreclosure and

6  NOD:.

7  **SECOND CAUSE OF ACTION**

8  **REVERSAL & CANCELLATION OF**

9  **ILLEGAL**

10 **FORECLOSURE AND NOD**

11 **Against All Defendants**

12     29)  Plaintiff incorporates paragraphs 1 through 28 as though fully set forth herein.

13     30)  Plaintiff timely and fully complied with all of the provisions of TILA, HOEPA and Reg

14 Z for Rescission of the Loan, Note & Trust Deed through the TILA Rescission Notice.

15     31)  Lender failed to comply with the mandatory requirements of TILA, HOEPA and Reg

16 Z in response to the TILA Rescission Notice.

17     32)  The Loan, Note & Trust Deed were rendered void by operation of Federal law

18 pursuant to the TILA Rescission Notice under TILA, HOEPA and Reg Z, and there was no Trust

19 Deed legally in existence upon which Lender could legally foreclose.

20     33)  As a result, the preceding, the purported Foreclosure and NOD were at all times null

21 and void by operation of Federal law pursuant to TILA, HOEPA and Reg Z, and were and are of no

22 legal force or effect whatsoever.

23     34)  As a direct and proximate result of the preceding, Plaintiff is entitled to judgment

24 against Lender, reversing, canceling, setting aside and vacating the purported Foreclosure and

25 NOD.

26

27 **THIRD CAUSE OF ACTION**

28

17

**TEMPORARY RESTRAINING ORDER**

**PRELIMINARY & PERMANENT INJUNCTION**

**Against All Defendants**

35)   Plaintiff incorporates paragraphs 1 through 34 as though fully set forth herein.

36)   The purported Foreclosure and NOD were filed in violation of and failed to comply with the State's Nonjudicial Foreclosure Statutes, and was barred by TILA, HOEPA and Reg Z, which rendered the Loan, Note & Trust Deed null and void pursuant to the TILA Rescission Notice.

37)   As a result, the purported Foreclosure and NOD were at all times void as a matter of law; were and are of no legal force or effect; Plaintiff remains the lawful owner of all right, title and interest in and to the Home; the Loan, Note & Trust Deed were and remain null and void by operation of law pursuant to the TILA Rescission Notice under the provisions of TILA, HOEPA and Reg Z; and Lender has no legal right or interest in and to the Home whatsoever, notwithstanding the purported Foreclosure and Trustee's Deed which were barred by operation of Federal law under TILA, HOEPA and Reg Z.

38)   Accordingly, Lender, and any successor in interest to Lender should properly be restrained and enjoined as a matter of law from asserting any ownership or legal rights in the Home whatsoever pursuant to the TILA Rescission Notice under TILA, HOEPA and Reg Z.  .

39)   In addition, because the TILA Rescission Notice rendered the Loan, Note & Trust Deed void by operation of Federal law pursuant to TILA, HOEPA and Reg Z, AB INITIO, and barred Lender and any successor in interest to Lender, from collecting or attempting to collect any payments of any kind in connection with the Loan, Note & Trust Deed, Lender and/or any successor in interest to Lender, and any person or entity acting at their instruction or request, or for their benefit, should properly be restrained and enjoined from attempting to report, reporting, maintaining or continuing any negative report whatsoever in connection with the Loan, Note & Trust Deed, with any credit reporting entity, including but not limited to, Experian, TransUnion and Equifax.

40)   Therefore, Plaintiff is entitled to the issuance of a Temporary Restraining Order, a Preliminary Injunction, and a Permanent Injunction:

18

1      A)     Restraining and enjoining Lender and any successor in interest to Lender, from

2  asserting any ownership or legal rights in the Home whatsoever pursuant to the TILA Rescission

3  Notice under TILA, HOEPA and Reg Z, and from filing, maintaining or concluding any unlawful

4  detainer action for possession of the Home; and

5      B)     Restraining and enjoining Lender and/or any successor in interest to  Lender, and

6  any person or entity acting at their instruction or request, or for their benefit, should properly be

7  restrained and enjoined from attempting to report, reporting, maintaining or continuing any negative

8  report whatsoever in connection with the Loan, Note & Trust Deed, with any credit reporting entity,

9  including but not limited to, Experian, TransUnion and Equifax.

## FOURTH CAUSE OF ACTION

## DECEPTIVE AND UNFAIR LENDING PRACTICES (NRS SEC598 100 et seq)

13     41)    Plaintiff incorporates paragraphs 1 through 40 as though fully set forth here.

14     42)    In making the loan to Plaintiff and in the course of the Property transaction, Lender

15  knew that the Proper application of any commercially reasonable means or mechanism would

16  indicate that Plaintiff did not have the ability to repay the loan, and Plaintiff is informed and believes,

17  and on that basis alleges that Lender made a determination that Plaintiff had the ability to repay the

18  loan.

19     43)    The acts of Lender in making the loan and engaging in behavior designed to place

20  Plaintiff in a position that would be disastrous to Plaintiff was made for the benefit of Lender and

21  was contrary to public policy and were designed to deceive the an ordinary consumer. Said acts by

22  Lender were unscrupulous, immoral and oppressive, and constitute unfair and deceptive trade

23  practices under NRS sec 598D 100 et seq., and thereby entitle Plaintiff to three times Plaintiff's

24  actual damages plus reasonable attorney's fees and costs of suit.

25     44)    Plaintiff was damaged as a direct and proximate result of the acts of Lender, and, as

26  Set forth in this claim in an amount unknown to Plaintiff at this time but exceed $100,000.00.

1    **WHEREFORE, PLAINTIFF PRAYS:**

2    1)   <u>ON THE FIRST CAUSE OF ACTION</u>: WRONGFUL FORECLOSURE

3         **Against All Defendants:**

4         A)   Judgment that the Foreclosure and NOD were not given in compliance with the

5              State's Nonjudicial Foreclosure Statutes; were given in violation of the mandatory

6              requirements of TILA, HOEPA and Reg Z, and were therefore wrongful; and

7         B)   Judgment setting aside, canceling, vacating, and declaring null and void, the Notice

8              of Default and Foreclosure.

9    2)   <u>ON THE SECOND CAUSE OF ACTION</u>: REVERSAL & CANCELLATION OF ILLEGAL

10        FORECLOSURE AND NOD RENDERED VOID BY OPERATION OF FEDERAL LAW

11        **Against All Defendants**

12        A)   Judgment reversing and canceling the Notice of Default and Foreclosure rendered

13             void by operation of Federal and State law.

14   3)   <u>ON THE THIRD CAUSE OF ACTION</u>: TEMPORARY RESTRAINING ORDER;

15        PRELIMINARY & PERMANENT INJUNCTION.

16        **Against All Defendants:**

17        Issuance of a Temporary Restraining Order, a Preliminary Injunction, and a Permanent

18        Injunction:

19        A)   Restraining and enjoining Lender and any successor in interest to Lender, from

20             asserting any ownership or legal rights in the Home whatsoever pursuant to the TILA

21             Rescission Notice under TILA, HOEPA and Reg Z, and from filing, maintaining or

22             concluding any unlawful detainer action for possession of the Home; and

23

24        B)   Restraining and enjoining Lender and/or any successor in interest to Lender, and

25             any person or entity acting at their instruction or request, or for their benefit, should

26             properly be restrained and enjoined from attempting to report, reporting, maintaining

27             or continuing any negative report whatsoever in connection with the Loan, Note &

28

1   Trust Deed, with any credit reporting entity, including but not limited to, Experian,

2   TransUnion and Equifax.

3

4)   **ON THE FOURTH CAUSE OF ACTION:**

4
    A.  For general damages in an amount in excess of $10,000.00

5
    B.  For special damages in an amount to be determined at trial.

6
    C.  For economic losses in an amount to be determined.

7

8

5)   **ON ALL CAUSES OF ACTION :**

9
A)   For cost of suit and all legal expenses and costs incurred herein, including but not

10
    limited to, attorney's fees; and

11
B)   For interest according to law; and

12
C)   For such other and further relief as the Court may deem just and proper.

13

14

DATE: April 2 ,2010                              Respectfully submitted,

15

16                                               _____

17                                               Sarkis Demirchyan, Plaintiff In Pro Per

18

19

20

21

22

23

24

25

26

27

28

24

**VERIFICATION**

I, THE UNDERSIGNED PLAINTIFF, DECLARE:

     1)    I am the Plaintiff in the above specified action.

     2)    I have read the foregoing Complaint and am familiar with the statements and allegations set forth therein.

     3)    All of the statements and allegations set forth hereinabove are true and correct of my own personal knowledge, except as to those statements and allegations made under information and belief, which I believe to also be true and correct to the best of my knowledge.

IN WITNESS WHEREOF, I have signed this Verification under penalty of perjury of the laws of the State of Nevada:

DATE: April 2,, 2010                      PLAINTIFF: _____

                                              Sarkis Demirchyan, Plaintiff In Pro Per

22