1  J. CHRISTOPHER JORGENSEN, ESQ.
   STATE BAR NO. 5382
2  LEWIS AND ROCA LLP
   3993 Howard Hughes Pkwy., Ste. 600
3  Las Vegas, NV  89169
   (702) 949-8200
4  (702) 949-8398/fax

5  Attorneys for Defendant
   Countrywide Home Loans, Inc.
6

7              UNITED STATES DISTRICT COURT

8              FOR THE DISTRICT OF NEVADA

9  SARKIS DEMIRCHYAN,                    Case:  2:10-cv-00725-RCJ-PAL

10                        Plaintiff,

11     vs.                               **MOTION TO DISMISS**

12  COUNTRYWIDE HOME LOANS, INC., et
    al.,
13
                          Defendants.
14

15        Defendant, Countrywide Home Loans ("CHL"), by and through its attorneys, Lewis and

16  Roca LLP, hereby moves this Court for an order dismissing all of Plaintiff Sarkis Demirchyan's

17  claims for failure to state a claim on which relief may be granted. This motion is pursuant to

18  Federal Rule of Civil Procedure 12(b)(6), and is based on the pleadings and papers on file herein,

19  the following memorandum of points and authorities and any oral arguments the Court will allow.

20              **MEMORANDUM OF POINTS AND AUTHORITIES**

21                    **I.     INTRODUCTION**

22        Plaintiff Sarkis Demirchyan ("Plaintiff") has failed to pay his mortgage. As a direct result

23  of this failure, foreclosure proceedings were started by Defendant. After borrowing hundreds of

24  thousands of dollars from Defendant, securing the loans with his property and then defaulting on

25  the loan, Plaintiff now seeks to avoid the consequences of his default by filing this Complaint.

26        In short, Plaintiff's causes of action are improperly pled, are barred by the statutes of

27  limitations, and do not state any applicable law, statute or regulation upon which he can rely, fail

28  to state a claim upon which relief can be granted. Indeed, Plaintiff's Complaint is nothing more

than a continuation of a series of failed cases brought recently in this Court, each of which has been rejected. By way of example, this Court granted motions to dismiss based on the same pleading deficiencies that exist here in *Green v. Countrywide Home Loans, Inc.*, Case No. 3:09-cv-374, (D. Nev., January 12, 2010) (Reed, E.), *Lopez v. Executive Trustee Services, LLC*, Case No. 3:09-cv-180, (D. Nev., January 13, 2010) (Reed, E.)  and *Goodwin v. Executive Trustee Services, LLC; et al*, 2010 U.S. Dist. LEXIS 2385, *24 (D. Nev., January 8, 2010).  (*See* orders of dismissal attached as Exhibit J to the Request for Judicial Notice contemporaneously being filed herewith.)

Similarly, this Court denied a Motion for Preliminary Injunction filed in *Dalton v. Citimortgage, Inc.*, Case No. 3:09-CV-534, stating that "as far as this Court can determine, there is no likelihood of success on the merits." (*See* Ex. J).  Judge James Teilborg of the United States District Court for the District of Arizona recently dismissed outright another lawsuit making many of the same claims advanced here.  *See Cervantes v. Countrywide Home Loans, Inc.*, Case No. CV 09-517-PHX-JAT, 2009 WL 3157160 (D. Ariz. Sept. 24, 2009).

As these authorities make clear, Plaintiff makes no allegation supporting even an inference that Defendant did anything unlawful. The Complaint fails to state a claim upon which relief can be granted, and should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.   STATEMENT OF FACTS

Plaintiff purchased property at 984 Perfect Berm Lane, Henderson, NV 89015 in August of 2005. (*See* Exhibit F, Clark County Property Records, attached to the Request for Judicial Notice contemporaneously being filed herewith.) CHL is guessing that Plaintiff's Complaint relates to this property because he never identifies the property at issue in the Complaint. Indeed, the Complaint appears to be a "catch-all" cut and past sample that was likely obtained over the internet or through some kind of "do-it-yourself" seminar.

Assuming that the Berm Lane property is the one at issue here, Plaintiff executed a promissory note for $333,000.00 and secured it with a deed of trust in favor of CHL. (*See* Exhibits A and B attached to the Request for Judicial Notice contemporaneously filed with this motion.) Plaintiff also executed a Home Equity Line of Credit in the amount of $52,600.00 and secured it

with a separate deed of trust. (*See* Exhibits C and D attached to the Request for Judicial Notice.)
Plaintiff stopped making his mortgage payments in November of 200. A Notice of Default was
filed on March 24, 2009.  A Notice of Trustee Sale was recorded on June 30, 2009 and again on
January 8, 2010.  Plaintiff filed his Complaint on April 22, 2010. After Plaintiff filed his lawsuit,
Bank of America unilaterally moved the foreclosure sale again.

As explained below, Plaintiff's entire Complaint must be viewed as merely an attempt to
avoid the consequences of his default by diverting and shifting the responsibility of his own failure
to pay his debt.

***Plaintiff Filed a Deficient Complaint Nearly Five Years After Executing the Loan Documents***

After enjoying the property and the proceeds of the loans for almost five years, Plaintiff
filed his Complaint on April 22, 2010.  It is difficult to determine what Plaintiff is actually
alleging against Defendant, but based on the caption of his Complaint, it appears he is attempting
to assert the following claims:[1]

> **(1)**    <u>**Violation of NRS 598D.100:**</u> Plaintiff's claim under Nevada's Unfair Lending Practices Act ("ULPA") is barred by the three year statute of limitations.  In addition, Plaintiff has failed to state a claim under ULPA because he does not allege the loans qualify as "home loans" under the Home Ownership and Equity Protection Act, a requirement for violation of the ULPA.

> **(2)**    <u>**Wrongful Foreclosure:**</u>  Plaintiff's claim for wrongful foreclosure is prohibited because Plaintiff is not current on his loan and no foreclosure sale has actually occurred.

> **(3)**    <u>**Violation of the Truth In Lending Act (TILA):**</u>  Plaintiff's TILA claims are time barred and Plaintiff fails to cite any TILA-imposed duty that has been breached.

As discussed below, Plaintiff's claims are barred by applicable statute of limitations, fail as
a matter of law, or are just not cognizable causes of action in Nevada.[2]  In addition, Plaintiff's
Complaint fails to plead sufficient factual allegations to establish the elements of any of the claims
Plaintiff tries to assert. The Complaint is so deficient that even under the most liberal pleading
standard, it fails to state any legally cognizable or compensable claims against Defendant, and

---

[1] In the event that Defendant fails to identify any additional legal theories woven into Plaintiff's Complaint, it reserves the right to respond to those claims, once they are identified.

[2] *See* Exhibit J to the Request for Judicial Notice for a collection of recent court opinions.  Nevada has experienced a multitude of similar case filings and now has a substantial body of case law which rejects Plaintiff's theories.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

538470.1

should therefore be dismissed pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. To do otherwise would result in a substantial injustice by allowing Plaintiff a massive windfall in the form of a free house.

## III.   LEGAL DISCUSSION

### A.   Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes this Court to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss pursuant to that rule, a complaint must be pled showing Plaintiff's entitlement to relief.  This "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."[3]

When faced with a motion to dismiss, the court must accept the *well-pleaded* factual allegations of the complaint as true, and reasonable inferences must be drawn in the plaintiff's favor.[4]  However, only "fair" inferences arising from the pleading must be accepted by the court.[5] Factual allegations must be enough to raise a claim above the speculative level.[6]  Bald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations, and will not suffice to defeat a motion to dismiss.[7]  The court is not required to accept as true, allegations that are merely conclusory, "unwarranted deductions of fact, or unreasonable inferences."[8]  Courts will also not assume the truth of legal conclusions merely because they are cast in the form of factual allegations.[9]  It will also not assume that a plaintiff "can prove facts which [he has] not alleged, or that the defendants have violated . . . . laws in ways that have not been alleged."[10]

---

[3] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1664-66 (2007) (internal quotations omitted).
[4] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007).
[5] *Simpson v. Mars, Inc.*, 929 P.2d 966, 967 (Nev. 1997).
[6] *Twombly*, 127 S. Ct. at 1664-66 (citing 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE §1216, at 235-36 (3d ed. 2004)).
[7] *See G.K. Las Vegas Ltd. P'ship v. Simon Prop. Group, Inc.*, 460 F. Supp. 2d 1246, 1261 (D. Nev. 2006); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).
[8] *Sprewell*, 266 F.3d at 988.
[9] *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003); *accord Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).
[10] *Associated Gen.l Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897 (1983).

A dismissal under FRCP 12(b)(6) may also be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.[11] Further, when the defense of an expired statute of limitations appears on the face of the complaint, a motion to dismiss for failure to state a claim is proper.[12] The object of these rules is to require a plaintiff to give defendant a notice of the nature and basis of his claims and the fair opportunity to respond, and that can only be accomplished if the pleading gives notice of what is actually alleged.

In this case, Plaintiff's Complaint falls short of even the liberal notice pleading standard. he obviously cut-and-pasted-together Complaint rambles on primarily about his "vapor money" theory and his view of the modern mortgage industry, both topics which even Plaintiff probably fails to understand. It fails to actually set forth any valid claims for relief because it fails to set forth the elements of any claim and fails to allege facts to support those elements. Additionally, the majority of Plaintiff's claims are time-barred, or Plaintiff's theories simply do not apply to Defendant. All of Plaintiff's theories fail and should dismissed pursuant to FRCP 12(b)(6).

**B.    Plaintiff's First Claim of Relief for Unfair Lending Practices Fails as a Matter of Law and Is Time Barred**

Plaintiff asserts as his first claim for relief violations of the Unfair Lending Practices Act. Plaintiff's claim is time-barred by the three year statute of limitations.  In Nevada, civil claims based on liability created by a statute must be filed within three years.  NRS 11.190(3)(a).  Here, Plaintiff alleges violations of a statute over three years after the alleged violations took place. Plaintiff filed his Complaint on April 22, 2010. The loans at issue originated on or before August 24, 2005.  Plaintiff's clams based on these loan transactions are time-barred.

More importantly, Plaintiff's first cause of action for violation of NRS §598D fails because the allegations do not establish a violation of the applicable version of the statute.  Under the 2003 version of NRS §598D the definition of "home loan" was limited to transactions that "[c]onstitutes a mortgage under § 152 of the Home Ownership and Equity Protection Act of 1994" (HOEPA). NRS §598D.040 (2003). Thus 2003 version of NRS §598D applies to loans such as those at issue

---

[11] *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).
[12] *Kellar v. Snowden*, 87 Nev. 488, 489 P.2d 90 (1971).

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

538470.1

1   here that originated before October 1, 2007, when an amendment to the statute took effect. *See*

2   *Goodwin v. Exec. Trustee Svcs., LLC*, 680 F. Supp. 2d 1244, 1251–52 (D. Nev. 2010).  Loans

3   subject to regulation under HOEPA are limited to:

> closed-end, non-purchase money mortgages secured by a
> consumer's principal dwelling (other than a reverse mortgage)
> where either: (a) The APR at consummation will exceed the yield on
> Treasury securities of comparable maturity by more than 8
> percentage points for first-lien loans, or 10 percentage points for
> subordinate-lien loans; or (b) the total points and fees payable by the
> consumer at or before closing exceed the greater of 8 percent of the
> total loan amount, or $ 547 for 2007 (adjusted annually).

9   *Id.* at 1252 (quoting Truth in Lending; Final Rule, 73 Fed. Reg. 44522, 44527, n.20 (Jul. 30,

10  2008)).  Thus, for a loan to be subject to the pre-amendment version of NRS §598D, it must meet

11  certain the stated thresholds under for interest rates or points and fees.  Here, Plaintiff does not

12  allege that the interest rate on either loans, or the points and fees that he paid, exceeded the

13  applicable thresholds under HOEPA. Accordingly, he does not allege that his loans are HOEPA-

14  regulated loans, or that his loans are subject to NRS §598D.

15          This court has repeatedly dismissed § 598D.100 claims when they lack such a foundation.

16  *See e.g.*, *Reed v. Countrywide Bank, FSB*, No. 2:09-cv-00319, slip op. at 7 (D. Nev. Mar. 23,

17  2009) ("[P]laintiff fails to allege any facts that would support the conclusion that the subject loan

18  was a 'home loan' as defined by NRS §598D.040 or bring the loan under the control of NRS 598D

19  at all") (*See* Orders attached to the Request for Judicial Notice as Exhibit J).  Indeed, this same

20  claim was rejected by this Court in *Goodwin*.  *See Goodwin v. Executive Trustee Services, LLC*,

21  680 F. Supp. 2d 1244, 1251–52 (in dismissing plaintiffs' ULPA claim the Court, among other

22  things, stated that the "pre-amendment version of Nev. Rev. Stat. Chapter 598D regulated only

23  those home loans subject to regulation under HOEPA," and plaintiffs failed to allege who obtained

24  a "home loan" within the pre-amendment definition of N.R.S. Chapter 598D).

25  **C.    Wrongful Foreclosure and Injunctive Relief**

26          To succeed in a claim for wrongful foreclosure, a Plaintiff must show that (1) a defendant

27  exercised a power of sale or foreclosed on plaintiff's property; and, (2) at the time the power of

28  sale was exercised, there was no breach of condition, or failure of performance by plaintiff that

1    would have authorized the foreclosure or exercise of power of sale.[13]   Plaintiff's Complaint fails

2    under this definition—Plaintiff cannot deny that he breached the loan contract. There has not been

3    any foreclosure sale yet.  Plaintiff does not even meet one of the conditions, let alone both.

4        This same claim was rejected by this Court in *Green* under similar facts.  *See* Order

5    Granting Motion to Dismiss, Docket No. 236, at pp. 4-5 (holding that plaintiffs failed to state a

6    claim for wrongful foreclosure because they failed to allege that they were not in default on their

7    loans when foreclosure began). As in *Green*, Plaintiff does not deny he defaulted. Accordingly, his

8    claim for wrongful foreclosure fails as a matter of law. *See, e.g., Coward v. First Magnus Fin.*

9    *Corp.*, No. 2:09-cv-01143-RCJ-GWF, 2009 WL 3367398, at *9 (D. Nev. Oct. 14, 2009).

10   **1.   Injunctive Relief is Not Appropriately Pled**

11       In Nevada, declaratory relief is only appropriate where (1) there is a justifiable controversy

12   between the parties whose interests are adverse; (2) the party seeking declaratory relief has a legal

13   interest in the controversy; and (3) the issue is ripe for judicial determination. *Knittle v.*

14   *Progressive Cas. Ins. Co.*, 908 P.2d 724, 725 (Nev. 1996); *see also Buzz Stew, LLC v. City of N.*

15   *Las Vegas*, 181 P.3d 670, 674 (Nev. 2008); *Doe v. Bryan*, 728 P.2d 443, 444 (Nev. 1986)

16   (concluding that an alleged harm that is speculative is insufficient—an existing controversy must

17   be present); *Cox v. Glenbrook Co.*, 371 P.2d 647, 656 (Nev. 1962) ("[D]eclaratory judgment

18   should deal with a present, ascertained or ascertainable state of facts.")). "[T]he declaratory relief

19   statute should not be used for the purpose of anticipating and determining an issue which can be

20   determined in the main action." *See El Capitan Club v. Fireman's Fund Ins. Co.*, 506 P.2d 426,

21   428 (Nev. 1973) (citing and restating the holding in *General of America Ins. Co. v. Lilly*, 258

22   Cal.App.2d 465 (Cal. Ct. App. 1968)).

23       Here, no actual controversy exists, and judicial intervention is unnecessary. The language

24   of the deed itself "establishes the rights and responsibilities of the parties and prescribes certain

25   duties to be performed by the trustees." *Edwards v. John Hancock Mut. Life Ins. Co.*, 973 F.2d

26   1027, 1030-1031 (1st Cir.1992) (interpreting Nevada law). The plain and unambiguous language

27   of the recorded deed of trust signed by Plaintiff allows the beneficiary to substitute a trustee (here,

28

[13] *Collins v. Union Federal Savings and Loan Association*, 99 Nev. 284, 662 P.2d 610 (1983).

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

538470.1

Recontrust) with the power initiate foreclosure and establishes the process that must be followed to foreclose if Plaintiff should default. Under the guise of a declaratory relief claim, Plaintiff wants to force Defendant to rewrite the controlling document, the Deed of Trust. In addition, any declaratory relief claim here is improper because the purpose is to anticipate and determine an issue that can be determined in the main action. Therefore, Plaintiff's cause of action for wrongful foreclosure and injunctive relief should be dismissed.

**D.    Plaintiff's Allegations Do Not Give Notice of any TILA Violations and any Claim Based on TILA or HOEPA is Time Barred**

Plaintiff's claims based on TILA are time-barred. A cause of action brought under TILA must be commenced "within one year from the date of the occurrence of the violation." 15 U.S.C. §1640(e). The general rule is that the statute of limitations period commences at the consummation of the transaction. *King v. California* 784 F.2d 910, 915 (9th Cir. 1986), as quoted in *Cervantes v. Countrywide Home Loans*, 2009 U.S. Dist. LEXIS 87997 (Ariz. September 23, 2009). Here, Plaintiff consummated his loans in August of 2005. He would have had to bring suit by July 2007. Plaintiff's Complaint, filed on April 22, 2010, is almost three years too late. Plaintiff's TILA claims must be dismissed.

In addition, Plaintiff merely recites the TILA statute without any indication of which part or section of TILA was violated. Simply listing the requirements of TILA does not constitute notice of any violations sufficient to satisfy FRCP 8(a). Specifically, Plaintiff fails to articulate any duties CHL owed to Plaintiff, and he sets forth no allegations to suggest that CHL breached a TILA-based duty. Therefore, to the extent that Plaintiff is trying to assert a claim under TILA, that claim should be dismissed because Plaintiff fails to state a claim on which any relief can be granted.

The applicable statute of limitations under TILA and HOEPA bars any claims by Plaintiff. Plaintiff may try to circumvent the one year statute of limitations by arguing that in certain situations the one year statute of limitations could be extended. However, such an extension would not be greater than three years. Under TILA, Plaintiff loses any right to rescind if he does not notify the creditor in writing of his intention to rescind within three years. Pursuant to the notice requirements contained in 15 USC §1635 and 12 CFR §226.23(a), rescission is

accomplished "by notifying the creditor, in accordance with regulations of the [Federal Reserve] Board, of his intention to do so." 15 U.S.C. §1635(a). The applicable regulations state: "To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business." 12 CFR §226.23(a)(2).

Title 15 USC §1635 (f) states "An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of property, which ever occurs first." 15 USC §1635 (f).  In *Beach v. Ocwen Federal Bank*, upon which plaintiff strongly relies in his opposition brief, the Supreme Court held that "section 1635(f) completely extinguishes the right of rescission at the end of the 3-year period."  523 U.S. 410, 412, 118 St. Ct. 1408 (1998).

Similarly, the Ninth Circuit recognizes that this three year deadline is not a statute of limitation, but rather a statute of repose. *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002). "When Congress enacts statutes creating public rights or benefits, it can impose time limits on their availability. These limits, completely extinguish the right previously created, and deprive courts of jurisdiction." *Miguel,* 309 F.3d at 1164.

In *Miguel*, the 9th Circuit further defined the limits of the right to rescission. The *Miguel* court examined whether a notice of rescission was effective when it was received by the loan servicer during the three-year period, but not the creditor itself. 309 F.3d 1161 (9th Cir. 2002). The *Miguel* court held that the notice of cancellation (rescission) was not effective; and further that although the notice had been presented to the servicer within the three year period, notice to the creditor fell outside the three year period and was thus void.

> While the Bank's servicing agent, Countrywide, received notice of cancellation within the relevant three-year period, no authority supports the proposition that notice to Countrywide should suffice for notice to the Bank, and Miguel has presented no evidence that the Bank received notice of cancellation within the tree-year limitation period prescribed by the state. Therefore her right to cancellation was extinguished as against the Bank.

*Miguel,* 309 F.3d at 1164.*See also Toscano v. Ameriquest Mortgage Company*, the court found that notice of rescission is given on the date of the mailing or delivery of such notice, not by the

1    simple act filing a complaint. 2007 U.S. Dist. LEXIS 81884 (E.D. Cal. 2007); *but see Taylor v.*

2    *Domestic Remodeling, Inc.*, 97 F.3d 96, 100 (5th Cir. 1996)(filing lawsuit seeking rescission was

3    sufficient notice).

4
         In *Toscano*, and also here with Plaintiff, the debtor did not provide notice to the lender
5
     within three years from the consummation of the loan.[14]  The *Toscano* court held "Unless plaintiff
6
     can show that he gave written notice of rescission within three years of the loan's consummation,
7
     the request for rescission must be dismissed for lack of subject matter jurisdiction." *Toscano*, 2007
8
     U.S. Dist. LEXIS at *10.
9
         The same facts exist here. Plaintiff consummated his loan on August 25, 2005.[15]  However,
10
     CHL was not served with the Complaint until April 28, 2010, four and a half years after the loan's
11
     consummation. Plaintiff's request for rescission must be dismissed for lack of subject matter
12
     jurisdiction.
13

14   **E.    Plaintiff Lacks Standing Due To His Failure To Tender**

15
         Plaintiff lacks standing because he has not tendered the undisputed obligation in full. This
16
     tender requirement applies to any cause of action for irregularity in the sale procedure.  "A district
17
     court errs when it does not exercise its equitable discretion to condition the rescission on the
18
     indigent obliger's tender of the monies advanced by the tender, at least where the violations of the
19
     Truth in Lending act are not egregious." *Rowland v. Novus Financial Corp.* 949 F.Supp. 1447,
20
     (D. Haw. 1996); *See also, Palmer v. Wilson*, 502 F.2d 860, 862 (9th Cir., 1974); *LaGrone v.*
21
     *Johnson*, 534 F.2d 1360, 1362 (9th Cir., 1976).
22

23

24

25

26   [14] In *Toscano*, the loan was consummated on or around May 24, 2004. Ameriquest was not served with
     Toscano's Complaint until June 4, 2007, three years and a week later.
27   [15] The financial transaction is consummated at the moment a contractual relationship is created between a
     creditor and a customer. Any violation of TILA for non-disclosure would "occur" when the transaction is
28   consummated. Nondisclosure is not a continuing violation for purposes of the statute of limitations. *See*, 15
     U.S.C. §1601; *Moor v. The Travelers Insurance Co.*, 784 F.2d 632 (5th Cir. 1986). *See*, also *Rowland v.*
     *Novus Financial Corp.* 949 F.Supp. 1447 (D. Haw. 1996).

To challenge the validity of a foreclosure action, a plaintiff must tender the undisputed amount due and owing on the secured indebtedness. *Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109 (Cal. Ct. App. 1996) (holding that appellants were required to allege tender of the amount of the secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure); *see, also United States Cold Storage v. Great Western Savings & Loan Assoc.*, 165 Cal.App.3d 1214, 1222 (Cal. Ct. App. 1985.) Courts have explained:

> This rule . . . is based upon the equitable maxim that a Court of Equity will not order a useless act performed . . . if Plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to Plaintiffs.

*FPBI Rehab 101 v. ENG Investments, Ltd.*, 207 Cal.App.3d 1018, 1021 (Cal. Ct. App. 1989); *see, also Shapiro v. Goldberg*, 192 U.S. 232 (1903) (stating that he who seeks equity must do equity, and cannot set aside the proceedings for collection of a debt without tendering the amount due) (citing *McQuiddy v. Ware*, 87 U.S. 14 (1873)); *Servco Pac., Inc. v. Dods*, 193 F.Supp.2d 1183 (D.Haw. 2002) (citing *Gardenhire v. IRS*, 209 F.3d 1145 (9th Cir.2000)); *Mahaffey v. Investor's Nat'l Sec. Co.*, 747 P.2d 890 (Nev. 1987); *Lyerla v. Watts*, 482 P.2d 318 (Nev. 1971); *Stanley v. Limberys*, 323 P.2d 925 (Nev. 1958); *Dellamonica v. Lyon County Bank Mortgage Corp.*, 78 P.2d 89 (Nev. 1938); *Mosso v. Lee*, 295 P. 776 (Nev. 1931); *Robinson v. Kind*, 59 P. 863 (Nev. 1900).

The "Tender Rule" is that the tenderer (plaintiff) must comply with whatever is necessary on his part to complete the agreed transaction (the mortgage). The act of Tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction. *Nguyen v. Calhoun*, 105 Cal.App. 4th 428, (Cal. Ct. App. 2003) (holding that it is the debtor's responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect); *Crane v. Mabry*, 802 P.2d 696 (Or. Ct. App. 1990) (holding that tender of the amounts past due, as required to preclude foreclosure on a deed of trust, must be an unconditional offer to pay the amount owed, and the money must be presently available for acceptance).

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

538470.1

1       A valid tender includes the full amount currently due and owing with additional tender

2   each month as payments become due. *McCool v. Decatur County Bank of Greensburg*, 480 N.E.

3   

4   2d 596 (Ind. Ct. App. 1985) (holding that to prove the defense of tender, the mortgagors had to

5   show that they made a valid tender of the full amount due and that the tender was kept good by

6   paying it into court for use and benefit of the mortgagee and the mortgagors were required to make

7   additional tender each month as moneys became due).

8       Plaintiff has not tendered nor has he offered to tender, the full amount owing on his loan.

9   Without such a payment, he has no standing to challenge the foreclosure sale, or any of his related

10  claims for declaratory relief, unfair lending.

11  

## IV.   CONCLUSION

12  

13      Recognizing that Plaintiff is before this Court in proper person, Defendant has patiently

14  attempted to analyze his Complaint and discuss all of the claims it appears that Plaintiff is

15  attempting to set forth. As discussed above, however, all of Plaintiff's claims and allegations fail.

16  They are all legally flawed, insufficiently pled, and/or lack the factual allegations which, if true,

17  would entitle Plaintiff to any relief. All of Plaintiff's claims should be dismissed pursuant to FRCP

18  12(b)(6) for failure to state a claim on which relief may be granted.

19      DATED this 25th day of May, 2010.

20                    LEWIS AND ROCA LLP

21  

22                    By _____

23                        J. CHRISTOPHER JORGENSEN, ESQ.
                      3993 Howard Hughes Pkwy., Ste. 600

24                        Las Vegas, NV  89169
                      Attorneys for Defendant CHL

25  

26  

27  

28

1

## **CERTIFICATE OF SERVICE**

2

    I hereby certify that service of the foregoing document was made on the 25 day of May,
3   2010 by depositing a copy for mailing, first class mail, postage prepaid, at Las Vegas, Nevada, to
the following:

4

5   Sarkis Demirchyan
984 Perfect Berm Lane
6   Henderson, NV  89015
Pro Se Plaintiff
7

8

9   an employee of Lewis and Roca LLP

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28